THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:10-cr-00007-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RICHARD NOAH SEQUOYAH, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Judicial Notice Pursuant to Rule 201" [Doc. 27] and the Defendant's "Freedom of Information Act Request" [Doc. 28].

In his first motion, the Defendant asks this Court to take judicial notice of the "fact" that the Assistant United States Attorneys who prosecuted him in this criminal matter "perpetrated a fraud upon the Court" by failing to renew their appointment affidavits and oaths of office and thereby conducted grand juries and prosecuted individuals in the name of the United States "while merely 'private citizens' possessing bar cards." [Doc. 27 at 3].

Federal Rule of Evidence 201 provides that the Court may take judicial notice of adjudicative facts where such facts are "not subject to reasonable

dispute" because they are "generally known with the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). The Defendant seeks to establish the "fraud" of Government counsel in order to collaterally attack the validity of his conviction. Clearly, this is not an issue which is appropriate for judicial notice. Accordingly, the Defendant's motion for judicial notice under Rule 201 is denied.

In his second motion, the Defendant requests disclosure, pursuant to the Freedom of Information Act and the Privacy Act, of documents pertaining to the commission or appointment of the Assistant United States Attorneys who prosecuted him in this criminal matter.

The Defendant's request is denied. The Defendant entered into a plea agreement in this case pursuant to which he agreed to waive "all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a." [Doc. 14 at 5 ¶ 22]. This

waiver thus precludes the pending motion. See United States v. Lucas, 141 F. App'x 169, 170 (4th Cir. 2005) (per curiam).[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Judicial Notice Pursuant to Rule 201" [Doc. 27] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's "Freedom of Information Act Request" [Doc. 28] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 17, 2018

Martin Reidinger
United States District Judge

---

[1] In any event, federal courts are expressly excluded from the definition of "agency" for purposes of FOIA and Privacy Act disclosure requirements. 5 U.S.C. § 551(1)(B); Gayle v. Johnson, 275 F. App'x 211, 212 n.1 (4th Cir. 2008) (per curiam); Sheppard v. Revell, No. 5:09-CT-3044-FL, 2010 WL 3672261, at *4 (E.D.N.C. Sept. 20, 2010).